UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8239-WM

IN RE SEALED COMPLAINT

_____/

FILED BY ____SW____ D.C.
May 8, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
ALEXANDRA CHASE
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501746
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1011
Fax: (561) 659-4526
alexandra.chase@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| TATYANA ALEXSANDROVNA SMELIK | ) Case No. |
| | ) 25-mj-8239-WM |
| Defendant(s) | ) |

FILED BY ___SW___ D.C.

May 8, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  1/10/2023 to 10/10/2024  in the county of  Palm Beach  in the Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1546 | Fraud and misuse of visas, permits, and other documents |

This criminal complaint is based on these facts:

Please see the attached affidavit of Border Patrol Agent David Soltero, U.S. Border Patrol, incorporated herein by reference.

☑ Continued on the attached sheet.

Sworn and attested to me by applicant by telephone (FaceTime) per the requirements of Fed. R. Crim. P. 4(d) and 4.1

*Complainant's signature*

David Soltero, Border Patrol Agent
*Printed name and title*

Date: 05/08/2025

*Judge's signature*

City and state:  West Palm Beach, Florida    Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

Your affiant, David Soltero, first being duly sworn, does herby depose and state as follows:

## INTRODUCTION

1. I am a Border Patrol Agent ("BPA") with the Department of Homeland Security, United States Border Patrol ("USBP") assigned to the office of Border Patrol in West Palm Beach, Florida, and have been so employed by the Unites States Border Patrol since 2011. I have successfully completed the United States Border Patrol Agent Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. Among my responsibilities as a Border Patrol Agent, I am trained and empowered to enforce criminal and administrative immigration laws of the United States and investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code.

2. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures, and computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause.

3. I have probable cause to believe that Tatyana Alexsandrovna SMELIK, a naturalized United States citizen, has knowingly submitted to USCIS Form I-134-As, Petition to be Financial Sponsor, which contain materially false statements, in violation of 18 U.S.C. § 1546.

## PROBABLE CAUSE

4. The United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), oversees the lawful administration of

immigration benefits, including visas, green cards, asylum, and naturalization. Within USCIS, the Fraud Detection and National Security ("FDNS") Directorate plays a critical role in safeguarding the integrity of the immigration system. FDNS conducts background checks, investigates potential fraud or national security risks in immigration applications, and refers cases or partners with law enforcement agencies when criminal violations (e.g., document fraud, misrepresentation, or threats to public safety) are identified. FDNS operates through a combination of administrative reviews, site visits, and interagency collaboration to ensure compliance with U.S. immigration laws.

5. Beginning on or about January 10, 2023, over the course of the next several months, SMELIK electronically submitted approximately 152 Form I-134A petitions to USCIS. A significant portion of these petitions contained materially false statements.

6. On 49 of the 152 petitions submitted, SMELIK falsely answered Question 25 in Part 3 of the form, titled "Information About the Individual Agreeing to Financially Support the Beneficiary Named in Part 2." Question 25 specifically asks: "Have you ever submitted a Form I-134A on behalf of a person other than the beneficiary named in Part 2?" SMELIK answered "NO" on 49 occasions, despite having submitted numerous prior petitions. Based on the volume of these negative responses, I believe that this was a deliberate misrepresentation, designed to conceal her extensive history of sponsorship applications and therefore to evade scrutiny by USCIS.

7. On or about January 10, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as E.V. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9172043117, and subsequently approved, enabling E.V. to enter the United States. This initial submission marked the beginning of a prolonged and deliberate pattern of fraudulent activity.

8. On or about January 14, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as M.D. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9449331689, and subsequently approved, enabling M.D. to enter the United States.

9. On or about March 7, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as V.M. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9633284040, and subsequently approved, enabling V.M. to enter the United States.

10. On or about April 29, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as O.B and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9755917738, and subsequently approved, enabling O.B. to enter the United States.

11. On or about May 3, 2023, SMELIK submitted a Form I-134A petition on behalf of an individual identified as S.S. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9089398578, and subsequently approved, enabling S.S. to enter the United States.

12. On or about April 26, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as Y.L. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9597653502, and subsequently approved, enabling Y.L. to enter the United States.

13. On or about May 12, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as K.H. and answered "No" on question 25 of part 3. This petition was

accepted by USCIS, assigned receipt number IOE9115324627, and subsequently approved, enabling K.H. to enter the United States.

14. On or about June 25, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as V.V. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9869114345, and subsequently approved, enabling V.V. to enter the United States.

15. On or about June 26, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as U.P. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9050391983, and subsequently approved, enabling U.P. to enter the United States.

16. On or about July 5, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as P.Z. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9379685708, and subsequently approved, enabling P.Z. to enter the United States.

17. On or about July 14, 2024, SMELIK submitted a Form I-134A petition on behalf of an individual identified as Y.L. and answered "No" on question 25 of part 3. This petition was accepted by USCIS, assigned receipt number IOE9815811608, and subsequently approved, enabling Y.L. to enter the United States.

18. Additionally, from on or about February 26, 2024, to on or about August 16, 2024, SMELIK provided an alternate date of birth on approximately 13 of the 152 petitions, which I believe further demonstrates her intent to deceive and manipulate the immigration process. These consecutive 13 petitions were submitted to USCIS after several of her previously submitted 134-A petitions were put on suspense. Given that the alternative dates of birth followed the suspension,

I believe that these alternative dates of birth were not incidental errors, but rather calculated falsifications intended to secure immigration benefits for individuals who may not have otherwise qualified for entry into the United States.

19. SMELIK electronically submitted and signed all 134-A petitions. SMELIK also provided a copy of her federal tax return and a picture of her United States-issued passport. She listed her physical address 152 NW 14th Avenue, Boynton Beach, Florida 33435. The information provided by the sponsor, SMELIK, is sensitive and unique, as it includes personal identification details, financial records and official government documents.

20. As a result of SMELIK's fraudulent submissions, USCIS approved several of the Form I-134A petitions, thereby granting immigration benefits to individuals who gained entry into the United States under false pretenses. This not only undermines the integrity of the U.S. immigration system but also poses potential risks to national security and public safety. Information about whether the sponsor has previously sponsored another individual is material to USCIS's approval of the immigration benefit. The purpose of sponsorship is to certify the ability to provide financial support, which is diluted by the addition of other beneficiaries of the sponsorship. Additionally, the date of birth of the sponsor is material to USCIS's approval of the immigration benefit, as it is an important identifier that enables USCIS to evaluate the integrity of the sponsor.

## **CONCLUSION**

21. Based on the facts outlined above, my training and experience as a Border Patrol Agent, and the collective expertise of the agents and investigators involved in this case, I firmly

believe there is probable cause to conclude that Tatyana Alexsandrovna SMELIK committed the crime of visa fraud in violation of Title 18, United States Code, Section 1546(a).

Further Affiant Sayeth Naught.

David Soltero, Border Patrol Agent
U.S. Border Patrol

Subscribed and sworn to me by applicant
by telephone (FaceTime) per the requirements of
Fed. R. Crim. P. 4(d) and 4.1
this  8th  day of May, 2025.

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  TATYANA ALEXSANDROVNA SMELIK

**Case No**: 25-mj-8239-WM

Count #: 1

18 U.S.C. § 1546

Fraud and misuse of visas, permits, and other documents
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.